DILWORTH *v.* JOHNSON and another, Exr's, etc.

*(District Court, D. New Jersey.* April 5, 1881.)

1. STATE COURT—PAROL TESTIMONY—CONTRADICTION OF RECORD.

Where a former adjudication of the matter in controversy in a state court is pleaded in a suit in the federal court, the plaintiff will not be permitted to contradict the record of the state court by parol testimony.—[ED.

In Equity.

NIXON, D. J. The bill is filed in this case by Urania J. Dilworth, a resident of the state of Pennsylvania, against George S. Johnson and Gardner B. Johnson, executors of the last will and testament of William Johnson, deceased, for the construction of said will. The two executors have severed in their pleadings to the bill of complaint, one of them filing a plea and the other an answer, but both setting up as a defence a former adjudication of the matters in controversy by the court of chancery and the court of errors and appeals of the state of New Jersey, in a suit in which the complainant and the defendants were parties.

The testimony taken sustains the issue thus raised. It appears that in the year 1872 one Harriet Poulston, who was a sister of the complainant and one of the beneficiaries under the will of the said Johnson, filed her bill, with her husband, in the court of chancery of New Jersey, against the said executors, and praying, practically, for the same relief as is asked for in the present case. The complainant was then, as now, residing in Pennsylvania and beyond the jurisdiction of the state court, and hence was entitled to her option to become or not to become a party to the proceedings. She made her election, appeared by counsel, became one of the party defendants in the cause, participated in the proceedings, and obtained a decree from the chancellor substantially in accordance with her view of the intentions of the testator. One of the executors carried the case to the court of errors and appeals, where the complainant again appeared by counsel,

put in her answer to the petition of appeal, and was fully heard by the court in her efforts to sustain the decision of the chancellor.

These facts abundantly appear from the records of the proceedings in the state court, which the defendant George S. Johnson has annexed to his plea.

It is true the complainant denies that she appeared to the action, or ever authorized any one to appear for her. But there are two answers to this: (1) She is not allowed to contradict the record by parol testimony in the pending suit. It is conclusive as to every material fact stated in it. Such contradiction was attempted in this district in the case of *Field* v. *Gibbs*, 1 Pet. 156, where, to a declaration on a judgment, the defendant pleaded that no process was served upon him to answer the plaintiff in the suit on which the original judgment was founded; that he never appeared to the action, nor did he ever consent to any of the proceedings, or authorize any person to consent for him. The plea was demurred to, and on examining the record of the judgment it appeared that the defendants Martin and Joel Gibbs had been attached to answer the plaintiff; that both the defendants appeared by John P. Ripley, their attorney, and pleaded several pleas. The record further stated that, in every succeeding stage of the cause until the judgment was rendered, both defendants appeared by the same attorney. Judge Washington said that it was not competent for the defendants to plead in bar that they had not been served with process, and did not appear by attorney, for such plea contradicted the record, which was contrary to the universal rule of law, to-wit, that nothing could be assigned for error, nor could any averment be admitted, that contradicted a record. (2) But, without demurring to the plea, the parties went to their proofs, and the weight of the testimony is against the complainant on the issue of fact. Mr. Wilson, the counsel who was employed by her, gives a full and circumstantial account of the circumstances under which he was retained to represent her and her adult children in the action, and his evidence leaves no room

for doubt that the complainant has forgotten the real facts of the transaction.

The plea and the answer are a bar to the suit in law and in fact, and the complainant's bill must be dismissed, with costs.